**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**ODA SOILEAU, III**                                   **CIVIL ACTION NO. 13-cv-2819**


**VERSUS**                                             **JUDGE MINALDI**


**CAROL CAGNEY, ET AL**                                **MAGISTRATE JUDGE KAY**

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Oda Soileau, III.  At the time of filing, plaintiff was a pre-trial detainee in the custody of Louisiana's Department of Public Safety and Corrections (hereafter "LDOC").  He was housed at the Calcasieu Correctional Center (hereafter "CCC"), Lake Charles, Louisiana, and complained of events that occurred at that facility.  Plaintiff was subsequently released on parole.  Doc. 12, p. 1; Doc. 13, p. 1.  Plaintiff names the following as defendants herein: CCC nurse practitioner Carol Cagney; CCC Head of Classification Ms. Duncan; CCC employee Miss Etienne; CCC; and CCC Warden Salvador.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.   For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*Background*

Plaintiff was brought to CCC on March 5, 2012.  Doc. 1, p. 3.  After two months there another inmate was moved into plaintiff's cell.  *Id.*  Plaintiff states that the inmate, who had just

-1-

been released from lock-up for fighting, kicked him in the jaw and broke it.  *Id.*  Plaintiff contends that it was illegal for him, as a pretrial detainee, to be housed with a convicted inmate. Doc. 5, pp. 2, 3.

Following the incident plaintiff was taken to Moss Regional Hospital for x-rays and was returned to CCC where he was placed in administrative segregation for ten days.  Doc. 1, p. 4. He was then taken to Shreveport for surgery wherein two titanium plates were placed in his mouth.  *Id.*  He was put on a liquid diet of protein drinks and pureed food, told not to chew, and was moved to the medical dorm.  *Id.*

Nevertheless, plaintiff states that defendant Etienne had the nurse practitioner stop giving him the protein drinks, forcing him to chew his food.  *Id.*  In support, he attached a memo from the CCC medical department dated June 5, 2012, noting that only the protein shakes were to be stopped.   Doc. 1, p. 6.   Plaintiff explained the situation to his doctor at his follow-up appointment. Doc. 1, p. 4.  The doctor advised plaintiff that only one side of his jaw had healed and that another surgery would be necessary.  Doc. 1, pp. 4, 5.  Plaintiff had the second surgery, which entailed removing the first plates and replacing them with larger plates. Doc. 1, p. 5. Plaintiff's mouth was wired shut, and he was brought back to CCC, placed in Administrative Segregation for twenty-five days, and put on a liquid diet.  *Id.*

Plaintiff complains that the only medication that he was given for pain during this time was Ibuprofen.  *Id.*  He also states that he suffered extensive facial nerve damage as a result of the incident in question.  *Id.*   Plaintiff seeks $500, 000.00 in compensatory damages as well as open medical and dental for life.  Doc. 1, p. 7.

***Law and Analysis***

### 1. *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations  as  true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### 2. *42 U.S.C. §1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.   In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by

a person acting under color of state law, that is, that the defendant was a state actor.  *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated below, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### 3.  *Medical Claims*

Plaintiff claims that defendant Etienne stopped the nurse practitioner from giving him protein drinks which caused him to have to chew his food.  He then seems to imply that chewing his food caused his jaw not to heal which ultimately required the second surgery.

The standard to apply in analyzing a denial of medical care claim asserted by a detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission."  *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997), quoting *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996).[1]  The Fifth Circuit has analyzed a case involving the alleged denial of adequate medical care to an arrestee under the episodic act standard. *Nerren v. Livingston Police Dept.,* 86 F.3d 469 (5th Cir. 1996).   Under this standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights."  *Id*. at 473.  This is the same standard applicable to convicted prisoners, that is, the denial or delay of medical care

---

[1] In *Hare,* the Fifth Circuit explained the constitutional standards applicable to pretrial detainees in local jails.  "A 'condition of confinement' case is a 'constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement.'" *Scott,* 114 F.3d at 53, quoting *Hare,* 74 F.3d at 644.  In such a case, if the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective, the condition is unconstitutional.  *Scott,* 114 F.3d at 53.

must be "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Thus, the plaintiff must show that he suffered a sufficiently serious deprivation and deliberate indifference by prison officials.  *Hare*, 74 F.3d at 643 and 650.

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas,* 245 F.3d 447, 458–59 (5th Cir. 2001).  "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson,* 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner," and so the prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle,* 429 U.S. at 103, 106; *Hare,* 74 F.3d at 650.  The official must have a subjective intent to cause harm. *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003). Said another way, deliberate indifference, i.e., a subjective intent to cause harm, cannot be inferred from a prison official's failure to act reasonably. *Hare,* 74 F.3d at 649.

Further, the fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs.  *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir.1997). In *Woodall v. Foti,* 648 F.2d. 268, 272 (5th Cir.1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.

Additionally, the fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall*, 648 F.2d. 268. Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. M*ayweather v. Foti,* 958 F.2d 91 (5th Cir.1992).

Plaintiff has failed to present non-conclusory allegations of a subjective intent to cause harm by any of the defendants.  Even if he could prove that the decision to stop his protein shakes resulted in inadequate medical care, he still does not present any factual allegations that the defendants subjectively intended to cause him harm.

It is certainly unfortunate that plaintiff had to undergo two surgeries.  However, his dissatisfaction over medical decisions that were made does not render this a constitutional claim. The facts do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or wantonly disregarded his medical needs. The evidence before the court simply does not support a finding of deliberate indifference.

Accordingly, we find that plaintiff's claim for inadequate medical care should be dismissed.

### 4.  *Failure to Protect*

Plaintiff claims that the defendants failed to protect him from a dangerous inmate by placing the inmate in the cell with him.

As previously noted, plaintiff was a pretrial detainee at the time of the incident on which he bases this claim. In *Hare,* the Fifth Circuit held "that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement." *Id.* at 650. Thus, whether the inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials that expose an inmate to being harmed by another inmate, such as those alleged by plaintiff  in this case. *Hamilton v. Lyons*, 74 F.3d 99, 104 n. 3 (5th Cir.1996); *Hare*, 74 F.3d at 650.  Here, plaintiff fails to state a claim cognizable under Section 1983.

Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. Further, plaintiff must establish that the defendant possessed a culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* at 837.   "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm." *Mace,* 333 F.3d at  626.

In this case, it cannot be concluded that prison officials unconstitutionally exposed plaintiff to a substantial risk of serious harm.   By plaintiff's own admission, the incident occurred suddenly and without warning. Simply because plaintiff's cellmate had been in lock-up for fighting does not mean that the defendants knew or had reason to believe that the cellmate would attack plaintiff.   Plaintiff did not allege that there was a history known to defendants of prior incidents between plaintiff and his cellmate.   In fact, plaintiff clearly stated that he never had a confrontation with any other inmate during his imprisonment.  Doc. 1, p. 3.

Accordingly, we find that plaintiff's claim that prison officials violated his constitutional rights by failing to protect him from harm must be dismissed.

### 5. *Improper Defendant*

Calcasieu Correctional Center is not a proper party to this suit.

Rule 17(b) of the *Federal Rules of Civil Procedure* provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether CCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La.Civ.Code Ann. art. 24.

In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988).  In other words, the State of Louisiana has not granted juridical status to CCC.

Plaintiff's suit against this non-juridical entity fails to state a claim upon which relief can be granted and his claims in that regard should be dismissed.

### 6. *Supervisory Liability*

In addition, plaintiff has not stated a sustainable claim against CCC Warden Salvador. It is clear that he is named in his supervisory capacity.

It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*.  See *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

Plaintiff has named Warden Salvador as a defendant but has not alleged his personal involvement or that he implemented a policy so deficient that it constitutes a deprivation of constitutional rights.

### 7. *Shared Housing*

Plaintiff alleges that, as a pretrial detainee, he was improperly housed with a convicted inmate.

The Fifth Circuit's decision in *Jones v. Diamond*, 636 F.2d 1364 (5th Cir.1981), overruled on other grounds, *Int'l Woodworkers v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir.1986), provides that pretrial detainees have a right to be considered individually to the extent that security and space requirements permit.  *Id*. at 1374.  *Jones* recognized that the housing of pretrial detainees with convicted inmates may raise concerns about the due process rights of the pretrial detainees but only if the pretrial detainees' classification together with convicted inmates

is handled indiscriminately and without justification. *Pembroke v. Wood County*, 981 F.2d 225, 229 (5th Cir.1993).

Further,  the classification of inmates is an administrative function of the prison. *Jones*, 636 F.2d at 1376. Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration absent a constitutional violation. *Bell v. Wolfish*, 441 U.S. 520, 547, 548; *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir.1990).  Considering the individualized circumstances of plaintiff's case, we cannot conclude that housing him with a convicted inmate was unconstitutional.

Plaintiff stated that his fight with his cellmate occurred suddenly and there had been no prior incidents between him and the cellmate or any other DOC inmate. Plaintiff's statement that his cellmate had been released from lock-up for fighting is insufficient for the court to conclude that prison officials' discretionary decisions concerning housing a convicted inmate with a pretrial detainee was unconstitutional. This circumstance does not establish that this particular housing decision was objective unreasonable.

In this instance, housing plaintiff with a convicted inmate cannot be characterized as arbitrary, indiscriminate, or an abuse of the discretion the law gives to prison officials.  We give deference to that discretion and find it unnecessary to interfere. Since we find that no constitutional violation occurred, plaintiff's claims in that regard should be dismissed.

### Conclusion

For reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 8th day of October, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE